THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
Frank D. Kortum
Assistant United States Attorney
California Bar Number 11094
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-7177
    Email:    Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America

JS - 6
cc: see G - 75 attached

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SACV 06-567-DOC (RNBx) |
|     Plaintiff, | |
|     v. | CONSENT JUDGMENT |
| $79,258.40 IN BANK ACCOUNT FUNDS | |
|     Defendant. | |
| Chi Mak | |
|     Claimant. | |

    Pursuant to stipulation by and between Plaintiff United States of America and claimant Chi Mak and good cause appearing, the court hereby finds and ORDERS as follows:

    1.    On June 20, 2006, plaintiff United States of America commenced this judicial forfeiture action by filing a complaint alleging that the defendant $79,258.40 in Bank Account funds

("defendant funds") were forfeitable to the United States pursuant to 21 U.S.C. §981(a)(1)(A) and (C). Chi Mak has filed a statement of interest to contest the forfeiture of his interest in the defendant funds. Notice of this action was published in accordance with law, no other parties have filed claims and answers, and the time for filing such claims has expired. Accordingly, all potential claimants other than Chi Mak are hereby deemed to admit the allegations of the complaint.

    2.    This Court has jurisdiction over the subject matter of the present action and over the parties to this agreement.

    3.    The Complaint states a claim for relief against the defendant funds under 21 U.S.C. § 981(a)(1)(A) and (C).

    4.    The United States Marshals Service ("USMS"), its representatives and agents, shall retain custody of the defendant funds until Chi Mak is sentenced in the matter of <u>United States v. Mak, et al.</u>, CR 05-293-CJC ("Criminal case").

    5.    After Chi Mak is sentenced in the Criminal case, USMS shall pay the defendant funds as follows:

        (A)    If a fine is imposed in the Criminal case, and the amount of the fine is greater than or equal to the amount of the defendant funds, then 100% of the defendant funds shall be paid by USMS to the Clerk, United States District Court, towards Chi Mak's fine.

        (B)    If a fine is imposed in the Criminal case, and the amount of the fine is less than the amount of the defendant funds, then the

                    defendant funds shall be paid first, to the Clerk, United States District Court, to pay Chi Mak's fine in full.  The amount remaining after payment to the clerk, if any, shall be returned to Chi Mak, care of his undersigned counsel, by check payable to "Kaye, McLane & Bednarski Client Trust Account" and mailed to Ronald Kaye, care of Kaye, McLane & Bednarski, 128 North Fair Oaks Avenue Pasadena, California 91103.

      (C)  If no fine is imposed in the Criminal case, then the defendant funds shall be distributed as follows:

          1.   $50,000 shall be condemned and forfeited to the United States of America.

          2.   $29,258.40 shall be returned to Chi Mak, care of his undersigned counsel, by check payable to "Kaye, McLane & Bednarski Client Trust Account" and mailed to Ronald Kaye at the address set forth above.

    6.  Upon the distribution of any portion of the defendant funds to the United States pursuant to the forfeiture provisions of paragraph 7(B) or 6(C), all right, title, and interest of Chi Mak and all other potential claimants in such funds shall be condemned and forfeited to the United States without further order of this Court, and the United States shall have judgment as to the interests of these persons and entities in such funds.

7.   Except as to such rights and obligations created by this agreement, Chi Mak shall release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from all claims, actions or proceedings by him and his agents, including, but not limited to, any claim for attorney's fees and/or costs, or interest, which may hereafter be asserted or brought by him or on his behalf which arise out of the present action.

8.   The parties to the stipulation shall execute all documentation necessary to carry out the disposition of the defendant funds in accordance with this Order.

9.   Each party shall bear its own costs of litigation and attorney's fees.  Each party waives its right to appeal.  Entry of this Consent Judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2).

///
///
///
///

10. The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this settlement.

11. The clerk is hereby directed to enter this consent judgment, which constitutes a final judgment resolving this action.

SO ORDERED.

DATED: March 14, 2008         _____
                              HON. DAVID O. CARTER
                              United States District Judge

PRESENTED BY:

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


_____
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

5